PHILIP A. TALBERT
Acting United States Attorney
ANDRÉ M. ESPINOSA
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA ANTONUCCI, and SHERRY TAGGART,<br><br>Defendants. | CASE NO.  2:14-CR-0099-GEB<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER CONTINUING STATUS CONFERENCE FROM JUNE 24, 2016, TO AUGUST 19, 2016** |

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, John Duree for Barbara Antonucci and Linda Allison for Sherry Taggart, hereby stipulate as follows:

1.   By previous order, this matter was designated as complex, under Local Code T2 (Docket No. 48), and set for status on June 24, 2016 (Docket No. 87).

2.   By this stipulation, the parties now move to continue the status conference until August 19, 2016, and to exclude time between June 24, 2016, through and including August 19, 2016, under Local Codes T4 and T2.

3.   The parties agree and stipulate, and request that the Court find the following:

   a. The government has represented that the discovery associated with this case includes a significant amount of material, including more than 400 individual tax

returns, each of which must be evaluated to complete a tally of total loss amounts for purposes of developing a Guideline ranges for inclusion in plea offers to defendants. That effort was delayed by the replacement of a critical member of the investigative team with a new investigator who required time to evaluate the voluminous evidence and prepare an analysis of the loss resulting from the scheme.

   b. Counsel for both defendants were unable to discuss with defendants the merits of a resolution by plea agreement of the charges because of uncertainty in the likely final loss amounts.

   c. In recent weeks, defendant Antonucci and her counsel have met with counsel for the government and investigators to evaluate loss calculations and finalize plea terms. The parties anticipate that defendant Antonucci will enter a guilty plea at a change of plea hearing proposed for August 19, 2016;

   d. Counsel for defendant Taggart has also discussed plea terms with counsel for the government and the parties expect a resolution before the proposed next hearing.

   e. Furthermore, defendant Antonucci has informed the government of a death in her immediate family that requires her to travel from Sacramento to New York on the date on which the next status hearing is currently scheduled.

   f. Additionally, counsel for the government will be out of the office from July 16, 2016, through July 24, 2016, and in trial before this Court from July 26, 2016, through approximately August 12, 2016 (in the matter of United States v. Samchuk, 12CR0066-GEB).

   g. Finally, the parties acknowledge that the anticipated resolutions discussed above are tentative, the possibility exists that such resolutions will not be reached, and that continued litigation and trial may result.

   h. Accordingly, all counsel believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence and the complexity of this case.

   i. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial

within the original date prescribed by the Speedy Trial Act.

   j. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., the time period of June 24, 2016, through August 19, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), and Local Code T4 and T2, because it results from a continuance granted by the Court the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 22, 2016        Respectfully Submitted,

                PHILLIP A. TALBERT
                Acting United States Attorney

            By: */s/ André M. Espinosa*
               ANDRÉ M. ESPINOSA
               Assistant U.S. Attorney

Dated: June 22, 2016        /s/ *John R. Duree, Jr.*
               JOHN R. DUREE, JR.
               Attorney for BARBARA ANTONUCCI

Dated: June 22, 2016        /s/ *Linda Allison*
               LINDA ALLISON
               Attorney for SHERRY TAGGART

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BARBARA ANTONUCCI, and<br>SHERRY TAGGART,<br><br>    Defendants. | CASE NO.  2:14-CR-0099-GEB<br><br>**ORDER CONTINUING STATUS<br>CONFERENCE FROM JUNE  24, 2016,<br>TO AUGUST 19, 2016** |

The parties' stipulation is approved and SO ORDERED.  The time beginning June 24, 2016, through August 26, 2016, is excluded from the calculation of time under the Speedy Trial Act.  For the reasons set forth in the parties' stipulation, the Court finds that this exclusion is appropriate to ensure effective preparation, taking into account the exercise of due diligence and the complexity of this case.  18 U.S.C. § 3161(h)(7)(B)(iv); Local Codes T4 and T2.  The Court further finds that, for the reasons set forth in the parties' stipulation, the interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

Dated:  June 22, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge